David Lozano, Esq. #164806
**Law Offices of David Lozano A.L.C.**
1900 W. Garvey Avenue South, Suite 240
West Covina, CA 91790
Telephone: (626) 802-5680
Facsimile: (626) 209-0221

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ANDRES VILLALOBOS<br><br>AND<br><br>LYNN MARIE KLOSSNER<br><br>Debtor(s)/Movant(s) | Case No. 2:11-bk-34212-TD<br><br>Chapter 13<br><br>MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS TO BANK OF AMERICA, N.A. AS TO THE SECOND DEED OF TRUST; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDRES VILLALOBOS AND LYNN MARIE KLOSSNER IN SUPPORT THEREOF<br><br>Pursuant to §§1322(b)(2) and 506(a)<br><br>Date:    August 11, 2011<br>Time:    1:30 pm<br>Place:   Courtroom 1375<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

TO THE HONORABLE THOMAS DONOVAN, UNITED STATES BANKRUPTCY JUDGE, KATHY DOCKERY, CHAPTER 13 TRUSTEE, BANK OF AMERICA, N.A., AND ALL OTHER PARTIES IN INTEREST:

NOTICE IS HEREBY GIVEN that Andres Villalobos and Lynn Marie Klossner ("Debtor(s)") hereby move this Court for a determination of the secured value of Debtor's real property located at

-1-

3866 Southview Court, Palmdale, CA 93550 pursuant to 11 U.S.C. §§506(a) and 1325(a)(5)(B) and *In re Lam (Lam vs. investors Thrift)*, 211 B.R. 36 (9th Cir. BAP 1997); to stay post petition payments; to treat the claims of Bank of America, N.A. as wholly unsecured for purposes of plan confirmation; to declare that the lien recorded in favor of Bank of America, N.A. is 100% undersecured and therefore Bank of America, N.A.'s claim is not entitled to treatment under Debtor's proposed Chapter 13 plan as a secured claim; and on further grounds set forth in the Memorandum of Points and Authorities and Declaration of Support, filed concurrently herewith, and on such further ground as may be presented in oral arguments before this Court or upon Reply to any opposition filed in response to this Motion.

This motion is based upon the following:

Debtor(s) filed for relief under Chapter 13 of the United States Bankruptcy Code on June 03, 2011. His Chapter 13 Plan ("Plan") proposes monthly payments of $260.00, for sixty months and 0% to his general unsecured creditors. Debtor's Property, based upon an appraisal as of May 26, 2011, is valued at $168,000.00. Debtor's petition lists two (2) deeds of trust on the property. The First Deed of Trust, held by Guild Mortgage Company, is for $194,000.00. The Second Deed of Trust, held by Bank of America, N.A., is for $60,000.00. The amount on the First Deed of Trust exceeds the value of Debtor's Property and leaves Bank of America, N.A.'s claim as to the Second Deed of Trust wholly unsecured.

Debtor(s) respectfully request this Court consider Bank of America, N.A.'s claim as to the Second Deed of Trust as unsecured for purposes of the instant case and to stay post petition payments to Bank of America, N.A. and for other such relief as is requested in the instant Motion.

Dated: June 30, 2011

Respectfully Submitted,
**Law Offices of David Lozano, A.L.C.**

_____
David Lozano
Attorney for Debtor(s)

-2-

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

Andres Villalobos and Lynn Marie Klossner ("Debtor(s)") filed for relief under Chapter 13 of the United States Bankruptcy Code on June 03, 2011. Debtor's Schedule A lists Debtor's principal place of residence located at 3866 Southview Court, Palmdale, CA 93550 ("Property") (see a true and correct copy of Debtor's "Schedule A" attached hereto as "Exhibit 1"). The following liens currently encumber the Property: a First Deed of Trust in favor of Guild Mortgage Company, a Second Deed of Trust held by Bank of America, N.A. (see a true and correct copy of Debtor's "Schedule D" attached hereto as "Exhibit 2.")

Guild Mortgage Company holds the First Deed of Trust on the Property and the current principal balance of the encumbrance is approximately $194,000.00 (see a true and correct copy of Guild Mortgage Company's Account Statement on the First Deed of Trust dated December 1, 2010 attached hereto as "Exhibit 3"). Bank of America, N.A. holds the Second Deed of Trust is in the amount of approximately $60,000.00 (see a true and correct copy of Bank of America, N.A.'s Proof of Claim on the Second Deed of Trust dated June 30, 2011, attached hereto as Exhibit "4"). Debtor's Property, based upon a May 26, 2011, appraisal, is valued at $168,000.00 (see a true and correct copy of a declaration of Chad Harris, a licensed real estate appraiser, attached hereto as "Exhibit 5" and a true and correct copy of an appraisal report prepared by Chad Harris attached hereto as "Exhibit 6"). The encumbrance of the First Deed of Trust exceeds the fair market value of the Property leaving Bank of America, N.A.'s claim as to the Second Deed of Trust wholly under secured.

### DISCUSSION

The issue before the Court is whether a second mortgagee's "secured claim" on a piece of real property may be treated as an under secured claim when the value of the second mortgagee's claim completely exceeds the value of the real property *after* satisfaction of the first mortgagee's claims. Pursuant to Bankruptcy Code Sections 506(a)(1) and 1322(b)(2) and current case law, the wholly under secured Second Deed of Trust on Debtor's property should be considered an under secured interest and the lien held by Bank of America, N.A. should be extinguished upon discharge. Bank of America, N.A.'s claim is undersecured as to the Second Deed of Trust pursuant Bankruptcy Code 11 U.S.C. Section 506(a)(1).

When section 506(a)(1) is applied to claims such as mortgages, a mortgage would not be a "secured claim" to the extent that it exceeds the value of the property on which it has a security. In Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220, 1223 (9th Cir. 2002), the Court stated that the term "secured claim" is a term of art, and a claim secured by a lien on property is not necessarily a "secured claim" and may be modified and avoided. "Under the Bankruptcy Code, 'secured claim' is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." (Zimmer at 1223).

The Debtor(s) in the instant case seeks to modify Bank of America, N.A. 's claim by having the claim declared an unsecured claim and the lien determined to be undersecured. Bank of America, N.A. 's claim is an unsecured claim since no security interest attaches to the Second Deed of Trust. Bank of America, N.A. would be entitled to the protection of Section 1322(b)(2) as to the Second Deed of Trust only if after satisfaction of the first mortgage it retained some security in the property. In the instant case, there is no such security because the value of Debtor's Property is $168,000.00 and the First Deed of Trust alone encumbers the Property in the amount of $194,000.00. Bank of America, N.A. 's claim is completely unsecured after satisfaction of Debtor's first mortgage.

## CONCLUSION

Based upon the foregoing, Bank of America, N.A.'s lien on the Debtor's Property is an undersecured lien and should be treated as an unsecured claim. The value of the Debtor's Property is less than the amount owed to the first mortgagee. In a liquidation context, the second mortgagee would not receive any funds. Therefore, under section 506(a), Bank of America, N.A.'s claim should be treated as an unsecured claim for purposes of plan treatment and Bank of America, N.A. 's undersecured lien on the Debtor's Property should be voided upon discharge.

WHEREFORE, based on the foregoing, the Debtor(s) respectfully request:

1. That the court value the real property located at 3866 Southview Court, Palmdale, CA 93550 at $168,000.00;
2. To deem the Second Deed of Trust of Bank of America, N.A. as an unsecured claim during the life of the Debtor's chapter 13 plan;
3. To stay post petition payments to Bank of America, N.A. ;

4. That upon completion of all plan payments and entry of a discharge in this case and pursuant to 11 U.S.C. Section 1328, the Second Deed of Trust of Bank of America, N.A. will be void and will not constitute an encumbrance on the real property described in the motion;

5. That upon completion of the plan payments and upon entry of discharge in this case, Bank of America, N.A. is ordered to expeditiously reconvey the Second Deed of Trust and otherwise take such steps required to clear title of said lien as to the real property described in this motion;

6. For any other such relief the Court deems proper.

Dated: June 30, 2011

Respectfully Submitted,
Law Offices of David **Lozano**, A.L.C.

_____
David Lozano
Attorney for Debtor(s)

# DECLARATION OF ANDRES VILLALOBOS AND LYNN MARIE KLOSSNER

We, Andres Villalobos and Lynn Marie Klossner, hereby declare as follows:

1. That we are the Debtor(s) in the herein Chapter 13 bankruptcy;

2. That we have personal knowledge of the facts set forth below and if called upon to testify, we could and would competently testify thereto;

3. That we caused to be filed the instant Chapter 13 bankruptcy on June 03, 2011 (Case number: 2:11-bk-34212-TD);

4. That our "Schedule A" lists our principal place of residence located at 3866 Southview Court, Palmdale, CA 93550 ("Property") (see previously referenced "Exhibit 1");

5. That we value the Property at $168,000.00 based on an appraisal report completed on May 26, 2011 by Chad Harris, a licensed real estate appraiser (see previously referenced "Exhibit 6");

6. That Guild Mortgage Company holds the First Deed of Trust on the Property and the current principal balance of the encumbrance is approximately $194,000.00 (see previously referenced "Exhibit 3");

7. That Bank of America, N.A. holds the Second Deed of Trust in the amount of approximately $60,000.00 (see previously referenced "Exhibit 4");

8. That the encumbrance by the First Deed of Trust exceeds the fair market value of the Property ($168,000.00);

9. That we respectfully request that post petition payments to the second loan of Bank of America, N.A. be stayed;

10. That we respectfully request that upon completion of all plan payments and entry of discharge in this case, the Second Deed of Trust of Bank of America, N.A. will be void and will not constitute an encumbrance on the real property described in the motion.

1  We, Andres Villalobos and Lynn Klossner declare under penalty of perjury that the foregoing is
2  true and correct and that the declaration was executed on ___6/30/11___ at ___West Corina___,
3  California.

*[signature]*                                                     *[signature]*

Andres Villalobos                                                 Lynn Klossner

| In re | | CHAPTER 13 |
|---|---|---|
| Andres Villalobos and Lynn Marie Klossner | Debtor(s). | CASE NUMBER 2:11-bk-34212-TD |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1900 W. Garvey Avenue South, Suite 240, West Covina, CA 91790

The foregoing document described **MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS TO BANK OF AMERICA, N.A. AS TO THE SECOND DEED OF TRUST; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANDRES VILLALOBOS AND LYNN MARIE KLOSSNER IN SUPPORT THEREOF,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On June 30, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

| | | | |
|---|---|---|---|
| Thomas Donovan | United States Trustee | Kathy Dockery | Andres Villalobos |
| US Bankruptcy Judge | Los Angeles Div. | Chapter 13 Trustee | Lynn Marie Klossner |
| 255 E. Temple Street | 725 S. Figueroa Street | 700 S. Flower Street | 3866 Southview Court |
| Suite 1352 | 26th Floor | Suite 1950 | Palmdale, CA 93550 |
| Los Angeles, CA 90012 | Los Angeles, CA 90017 | Los Angeles, CA 90017 | |

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____
I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 30, 2011 | Victor M. Arana | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                F 9013-3.1

## SERVICE LIST

**SECOND DEED OF TRUST HOLDER (Via Certified Mail)**
Brian Moynihan, CEO
Bank of America
4161 Piedmont Parkway
Greensboro, NC 27410

Bank of America
Attn: Brian Moynihan, CEO
100 North Tryon Street
Charlotte, NC 28255

Address Per Proof of Claim:
Bank of America, N.A.
PO Box 26012
NC4-105-02-99
Greensboro, NC 27420

**Agent For Service of Process for Bank of America, N.A. (Via Certified Mail)**
CT Corporation
Agent for Service of Process of Bank of America
818 West Seventh Street
Los Angeles, CA 90017

**FIRST DEED OF TRUST HOLDER**
Guild Mortgage Company
9160 Gramercy Drive
San Diego, CA 92123-0000